Susan King *v.* J. G. Neely et al.—Heirs of L. Inge et al., Inter-
venors—Ellen D. King, Intervenor.

The son-in-law of one of the parties to a suit is a competent witness. The interest of the mother of the witness in the property in dispute, as belonging to the marriage community, she not being a party to the suit, is too remote to exclude her son's testimony.

The title to slaves may be proved by parol when it is shown that, by the laws of the State where the facts testified to took place, and where the slaves then were, they could be transferred by verbal sale and delivery.

By the laws of Mississippi, among collaterals, the kindred of the whole blood are preferred to the kindred of the half blood in the same degree; and by effect of representation, nephews and nieces of the whole blood will exclude a sister of the half blood.

APPEAL from the District Court of the Parish of Concordia, *Ratliff,* J.
J. *W. Montgomery* and *P. Alexander,* for plaintiff. *T. P. Farrar* and
*A. N. Ogden,* for the heirs of Inge. *L. V. Reeves,* for *Ellen D. King,* intervenor.
*H. B. Shaw* and *Durant & Hornor,* for defendants and appellants.

Buchanan, J. These are two appeals from the same judgment rendered on the verdict of a jury; one appeal being taken by defendant, and the other by two intervenors.

As regards the defendant, *Neely,* the issue is purely one of fact, namely, whether or not a retrocession was made by *Neely* to *Albert Milton King,* of certain slaves which *King* had sold and conveyed to *Neely* several years previously to the alleged retrocession.

The first question for our examination is presented by a bill of exceptions taken by defendant to the admission of the deposition of *Robert King.*

Defendant objects to the competency of *King,* because he is the son of the wife of *Neely;* that although the witness's mother is not a party to this suit, yet the same involves the interests of the community of acquests between the defendant and his wife. In support of this objection, the defendant relies upon Article 2260 of the Code, which provides that descendants cannot be witnesses for or against their ascendants.

We held, in the case of *Porche* v. *Leblanc,* 12 An. 782, that the Article in question is to be construed as applicable to cases in which the interests of an ascendant or descendant of the witness is directly involved in the controversy. That is not the case here. The mother of the witness is not a party to the suit. And her alleged interest in the marriage community is altogether too remote and contingent to have been considered by us as a sufficient objection, even had we not the case of *Porche* before us. The husband is the head and master of the community, and may alienate its effects, without the consent of his wife, whose interest is only fixed by the dissolution of the marriage, and is subject to the discharge of debts. She, or her heirs, may even renounce the community. The general rule laid down in *State* v. *Levy,* 5 An. 64, is, that all persons are competent to testify, except those whose incompetency is expressly declared by law.

Another objection which is made to the witness, *King,* in common with other witnesses of plaintiff, named *Harris, Valentine* and *McIlvaine,* is that they are offered to prove a title to slaves by parol. It is admitted of record, that slaves are personal property in Mississippi, the State of the domicil of *Albert Milton*

*King*, where the slaves were occupied and worked, where the retrocession is alleged to have taken place, and where the events occurred of which the witnesses testify. The counsel of defendant, in his printed argument indeed concedes that by the law of Mississippi, slaves may be transferred by verbal sale and delivery, and consequently, that such sale and delivery may be proved by parol testimony. But he insists that a price or consideration for the sale, and an actual delivery should be proved. It appears to us that this argument goes entirely to the effect, or sufficiency of the testimony, and not to its admissibility. The forms and effects of contracts are governed by the laws and usages of the place where they are made, and intended to have effect. C. C. 10. There can be no doubt that that place, in this instance, was Mississippi. And we concur in the inference which the jury has drawn from the facts stated by these witnesses, and corroborated by others.

The defendant has objected in argument, although his pleadings contain no such exception, that the plaintiff has not brought herself within the provisions of the law of Mississippi, for claiming the half of her husband's estate by the action for assignment of dower.

It is sufficient to say, upon this point, that we have before us all the heirs-at-law of *Albert Milton King*, and that they make no objection of this sort, but concede the right of plaintiff to the half of the slaves which were in Mississippi at the time of her husband's death, as awarded to her by the verdict and judgment of of the District Court.

The heirs at law of *Albert Milton King*, are the children of his two sisters of the full blood deceased, and a sister of the half blood.

The court below charged the jury " that one-half of the slaves and personal property of *King*, in Mississippi, should be divided into three parts, the minor child of *Laura King* taking one part, the minor children of *Olivia King* taking another part, and the remaining third part to be taken by *Ellen D. King*." The statute of Mississippi regulating the distribution of estates among collateral heirs, is in the following words : " When there shall be no children of the intestate, nor descendants of such children, then the estate descends to the brothers and sisters of the intestate and their descendants, in equal parts ; the descendants of a sister or brother of the intestate to have, in equal parts among them, their deceased parent's share." " And there shall be no representation among collaterals, except with the descendants of the brothers and sisters of the intestate." " And there shall, in no case, be a distinction between the kindred of the whole and half blood, except the kindred of the whole blood in equal degree shall be preferred to the kindred of the half blood in the same degree." (Revised Code of Mississippi, p. 452 and 453, Art. 110.) Portions of this Article are badly worded, and are, in some respects, vague. Two ideas, however, are distinctly enunciated in it, viz : 1st, that representation among collaterals takes place only with the descendants of the brothers and sisters of the deceased. " Representation is a fiction of the law, the effect of which is to put the representative in the place, degree and rights of the person represented." C. C. 890. By representation, then, *Hibernia Inge* stands in the same position in point of heirship to *A. M. King*, as her deceased mother, *Laura King*, deceased ; and the minors, *Howard Wailes*, *Albert M. Wailes* and *Olivia Wailes* stand in the place of their deceased mother, *Olivia King*. 2d. That the kindred of the whole blood in equal degree, shall be preferred to the kindred of the half blood in the same degree. The minor children, then, of *Laura* and *Olivia King*, sisters of the whole blood, are to be preferred

to *Ellen D. King*, a sister of the half blood, and under the statute would, we presume, exclude her from the inheritance of *A. M. King*, in Mississippi.

The judgment is further erroneous in decreeing the slaves *Jack, Gardner, Dan, Ralph, Flora*, and her children *Henry* and infant and *Harriet*, and increase, and their hire, to all the intervenors indiscriminately. These slaves being found in Louisiana at *King's* death, are to be distributed among his heirs, according to our laws.

According to the provisions of Art. 909 C. C., these last mentioned slaves and their hire are to be distributed as follows, viz : the minor heirs of *Laura King* and *Olivia King*, as being of the whole blood, take together five-sixths interest therein, and the half-sister, *Ellen D. King*, takes the remaining sixth thereof.

It is, therefore, adjudged and decreed, that the judgment of the District Court, as between the plaintiff and the defendant, *John G. Neely*, be affirmed.

It is further ordered, adjudged and decreed, that the judgment appealed from be reversed as to the appellee, *Ellen D. King*, and so amended that the appellant, *Hibernia Inge*, in right of her deceased mother, *Laura King*, do recover of the defendant one undivided fourth of the slaves, *Len, Céleste, Walton, Margaret, Caroline, Jay, Milton, Easter, Munroe, Ann, Alexander, Christina, Kitty, Flora, Philip, Harp, Lydia, Ellen, George, Jinney, Sam, Elias, Letty, Angeline, Bill, Lucy, Milly, John the Baptist, Liz, Martha, Lithy, Tyler, Punch, Jake, Eli, Kate, Little Lithy, Rachael, Nat* or *Mat, Maria, Joseph, Bob, Lucy, Harrison, Frank, Davy, Eliza, Celia, Mandy, Rose, Milly, Mason, Charles Marshall, Nat* or *Mat, Sally, Armstead, Prosper, Harry, Alfred, Jim, Lewis, Ike* or *Isacre, Dennis, Judy* and *Madison*, together with one undivided fourth of their increase, and also one undivided fourth of the hire of said slaves, at the rate of $4,200 per annum, since the last of March, 1856 ; and it is further decreed, that the minors, *Howard Wailes, Albert M. Wailes*, and *Olivia Wailes*, in right of their deceased mother, *Olivia King*, do jointly recover of the said defendant one undivided fourth of all of the aforesaid slaves and their increase, and also one undivided fourth of the hire of said slaves, fixed at the rate of $4,200 per annum, since the last of March, 1856. And it is further ordered, adjudged and decreed, that the judgment appealed from be further amended, by dividing the slaves *Jack, Gardner, Dan, Ralph, Flora, Henry*, an infant, and *Harriet*, and their natural increase, and their hire since the last of March, 1856, at the rate of $1,400 per annum, among the intervenors, as follows, viz : one-half of five-sixths thereof to the minor *Hibernia Inge*, another half of five-sixths thereof to the minors *Howard Wailes, Albert M. Wailes* and *Olivia Wailes*, jointly, and the remaining sixth thereof to the minor *Ellen D. King ;* the costs of the District Court to be paid by defendant ; and those of appeal, one-half by defendant, and one-half by the intervenor and appellee, *Ellen D. King*.

---

## SAME CASE—ON A RE-HEARING.

BUCHANAN, J. The intervenors have brought to our notice, by a petition for re-hearing, an omission made, through inadvertence, in the decree heretofore rendered. The judgment of the court below in favor of plaintiff against defendant, *Neely*, which has been affirmed by us, allowed *Mrs. King* twenty-five hundred dollars, with interest, as one-half of a sum of five thousand dollars, the value of

KING
*v.*
NEELY.

mules, horses, cattle, farming utensils, &c., converted by *Neely* to his own use. Upon the principles of our decision, the minor children of *Albert Milton King's* two sisters of the full blood deceased, are entitled to the other half of this sum ; and it.was our intention to have so decreed.

It is, therefore, adjudged and decreed, that, in addition to the allowances made by our judgment herein, rendered on the 28th March, 1859, there be judgment in favor of *Hibernia Inge*, as heir of her deceased mother, *Laura King*, against the defendant, *John G. Neely*, for the sum of twelve hundred and fifty dollars, with legal interest from the last day of March, 1856, until paid ; that, in addition to the allowances made by our judgment of the 28th March, 1859, there be judgment in favor of the minors, *Howard Wailes*, *Albert M. Wailes*, and *Olivia Wailes*, in right of their deceased mother, *Olivia King*, against the defendant, *John G. Neely*, for the sum of twelve hundred and fifty dollars, with legal interest from the last day of March, 1856, until paid ; and that the judgment heretofore rendered by us herein, remain, in all other respects, undisturbed.